## GETCHELL *admr. vs.* HEALD *& als.*

The acknowledgment of a debt by one of several joint defendants, is sufficient to take the case out of the statute of limitations as to them all.

THIS was an action of *assumpsit* brought to recover the balance of an account for a quantity of pine timber. The defendants pleaded the general issue, and the statute of limitations.

It appeared, at the trial before *Weston J.* that prior to *Nov.* 10, 1817, the plaintiff's intestate and the defendants, who were brothers, proposed to purchase a timber lot on joint account; and that on that day the plaintiff's intestate took the deed in his own name, giving his own note for the purchase-money. In the winter following all the brothers united in taking the timber from the lot, which was sold in the spring for their joint benefit. In 1825, *James Heald,* one of the defendants, presented his claim to the commissioners on the es-

tate of the plaintiff's intestate ; and a note being at the same time presented to them for allowance, by the trustees of *Monmouth* Academy, against the intestate, *James* stated to the commissioners that he ought to pay part of that note, saying it was given for the timber lot which they had bought together ; and directed them to allow one quarter of the sum, by deducting it out of his own claim against the estate ; which was accordingly done, to the amount of $181,97. This sum was credited in the account sued in this action.

The defendants also produced a receipt given by the plaintiff to *James Heald*, *Nov.* 19, 1825, purporting to be in full of all demands which the estate of the intestate had against him.

A verdict was hereupon taken for the plaintiff, subject to the opinion of the court upon the effect of this evidence to sustain or bar the action.

*Boutelle*, for the defendants, objected to the sufficiency of the evidence to take the case out of the statute of limitations, it being an admission of the sole liability of the party making it, and therefore binding on him alone. *Doug.* 651 ; 2 *Stark. Ev.* 44, 45 ; *Holmes v. Green*, 1 *Stark Rep.* 397 ; *Brandram v. Wharton*, 1 *Barn. & Ald.* 463 ; 1 *Stark Rep.* 53 ; 2 *H. Bl.* 340. And the receipt, he contended, was a discharge to all the defendants, if they were joint debtors ; and if not, it was equally fatal to this action, being a discharge of one of them.

*R. Williams*, for the plaintiff, cited 2 *H. Bl.* 340 ; 5 *Dane's Abr. ch.* 161, *art.* 9, *sec.* 1 ; 2 *Stark.* 897.

MELLEN C. J. delivered the opinion of the Court in *Cumberland*, at the adjournment of *May* term in *August* following.

It is admitted that the timber, for a balance of the proceeds of which this action is brought, was cut on the land or timber lot for which the intestate gave his note : that the lot was purchased, as *Heald* acknowledged ; and that he and the other defendants, with the intestate, jointly cut the timber on the land and took it off, and sold the same on joint account. Such being the facts, *Heald*, one of the defendants, within six years before the commencement of the action, acknowledged that he ought to pay a part of the note given for the

land and timber, which he did by allowing $181,97 to be deducted from his claim against the estate of the intestate.   Now it is very clear that if several persons, whether in partnership or not, are jointly indebted, the explicit acknowledgment of one of them, who is still liable himself, of the existing indebtedness, or a new promise by him, will take the case out of the statute of limitations as to all. 2 *Stark. Ev.* 897, 898, and cases there cited.  The case of *Jackson v. Fairbanks* cited and commented upon in *Brandram v. Wharton*, 1 *Barn. & Ald.* 463, differs from the present essentially.   This ground of defence, therefore fails.—As to the receipt in full, it cannot bar this action against several defendants : it is in terms in full of all demands of the estate against *Heald* only.

*Judgment on the verdict.*